**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4072**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY PALMER,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.   David C. Norton, District Judge. (2:10-cr-00280-DCN-1)

Submitted:  October 9, 2012          Decided:  October 17, 2012

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Chesser, Aiken, South Carolina, for Appellant.   William N. Nettles, United States Attorney, Susan Z. Hitt, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Palmer appeals his conviction after a guilty plea to using and carrying a firearm during and in relation to a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, Palmer contends that the district court impermissibly participated in plea negotiations by initiating plea discussions, advising Palmer that he would be better off pleading guilty, suggesting he would receive a life sentence if he went to trial, and commenting favorably on the Government's evidence. Palmer also contends that the district court erred in denying his motion to withdraw his guilty plea because the court's participation in the plea negotiations rendered his plea involuntary. We affirm.

Rule 11(c)(1) of the Federal Rules of Criminal Procedure "governs guilty pleas and clearly prohibits a court from participating in plea negotiations." United States v. Bradley, 455 F.3d 452, 460 (4th Cir. 2006). Because this issue was not raised below, review is for plain error, United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002), and Palmer must show that any errors affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). After reviewing the record and briefs, we conclude that the district court did not impermissibly participate in plea negotiations. The court's comments at the pretrial status

hearing cannot be construed as coercing Palmer into pleading guilty; rather, they were all made in the context of evaluating whether to relieve Palmer's second court-appointed counsel and to warn Palmer not to take his decision to replace court-appointed counsel lightly. Furthermore, Palmer's contention that the court coerced him into pleading guilty is belied by his entering into the plea agreement four months after the status hearing and acknowledging in his plea colloquy that he was not coerced into pleading guilty. See Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) (holding that, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy").

Turning to Palmer's motion to withdraw his guilty plea, we review the district court's denial of the motion for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant bears the burden of "show[ing] a fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). Having determined that the district court here did not impermissibly participate in the plea negotiations, we also conclude that the court's failure to inform Palmer he could persist in his plea of not guilty, see Fed. R. Crim. P. 11(b)(1)(B), did not affect his substantial rights, that Palmer did not credibly assert his legal innocence,

3

and that Palmer had close assistance of competent counsel. Thus, the district court did not abuse its discretion in denying Palmer's motion to withdraw his guilty plea.  See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (listing factors for court to consider in evaluating motion to withdraw guilty plea); see also United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995) (holding that first, second, and fourth Moore factors are most significant).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED